IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:13CR383 |
| | ) | |
| JEREMY HELLER | ) | The Honorable Liam O'Grady |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

COMES NOW the defendant, Jeremy Heller, by and through undersigned counsel, and pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, moves this Honorable Court to suppress statements allegedly taken by federal agents from Mr. Heller on or about January 27, 2011.

**BACKGROUND**

The defendant is charged in a single count indictment with a large-ranging conspiracy to violate the Computer Fraud and Abuse Act in violation of 18 U.S.C. §371 and 18 U.S.C. §§ 1030(a)(5)(A), 1030(b), and 1030(c)(4)(B).

During the investigation of the case, in the early morning hours of January 27, 2011, Mr. Heller was interrogated by two Special Agents of the Federal Bureau of Investigation (FBI), SA Nail and SA Heise. Unbeknownst to Mr. Heller, a search warrant had been served on a residence he shared with others earlier that morning. Mr. Heller was approached at his work during his normal work hours by his immediate supervisor (his team leader) and was told that the asset protection specialist had informed the leader to take Mr. Heller to Human Resources. Heller was not told why he was to report to HR. Heller was lead to HR and told to enter the HR office. There he encountered

the Special Agents, where he was told to come in, sit down, and close the door. Heller's questions about the reason for the meeting were not answered, and the agents began asking Heller questions. Heller invoked his right to counsel after some questioning. Additionally, the substance of some the answers he allegedly provided prior to his invocation are in dispute.

## **ARGUMENT**

Mr. Heller's statement should be suppressed due to violations of his rights under the Fifth Amendment of the United States Constitution. The Fifth Amendment requires that "[n]o person … shall be compelled in any criminal case to be a witness against himself." *U.S. Const. amend. V*. To ensure that an individual is advised of his Fifth Amendment rights during custodial interrogations, the Supreme Court adopted and set out prophylactic procedural measures in *Miranda v. Arizona*, 384 U.S. 436, 444, 86, S.Ct. 1602, 16 L.Ed.2d 694 (1966).

First, *Miranda* warnings are required when a defendant is subjected to "custodial interrogation." "The Supreme Court has described the test for whether an individual is 'in custody' despite the lack of a formal arrest to be whether, under the totality of the circumstances, 'a suspect's freedom of action is curtailed to a degree associated with formal arrest." *United States v. Hargrove*, 625. Custody is determined by determining whether, viewed objectively, "'a reasonable man in a suspect's position would have understood his situation' to be one of custody." *United States v. Colonna*, 511 F.3d 431 435 (4th Cir. 2007) (quoting *Berkemer v. McCarty*, 468 U.S. 420, 422 (1984)). In more basic terms the inquiry is whether "a reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave." *United States v. Jamison*, 509 F.3d 623, 628 (4th Cir. 2007) (alteration in the original) (citation omitted); *see also Yarborough v. Alvarado*,

2

541 U.S. 652, 663, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). F.3d 170, 178 (4th Cir. 2010) (quoting *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984)).

As an example of when a subject is not in custody, the subject is usually not restrained, the agents do not draw their weapons, the interview may take place at the subjects home, and others are free to come and go. *See United States v. Parker*, 262 F.3d 415 (4th Cir. 2001) (giving example of when subject is not in custody). However, "[t]he government may not do, through a private individual, that which it is otherwise forbidden to do." *United States v. Feffer*, 831 F.2d 734, 737 (7th Cir. 1987). Here, Mr. Heller's employer became an "'instrument' or agent of the state." *Coolidge v. New Hampshire*, 403 U.S. 443, 487 (1971). In Mr. Heller's case, the government implicated two closely related constitutional rights when it used Mr. Heller's employer to compel a meeting with the FBI and place Mr. Heller in custody, things it would have otherwise been unable to do. Any statements made by Mr. Heller after he was required by his employer to speak with the FBI agents, and before he was given *Miranda* warnings, should be suppressed.

Second, there are significant issues with the voluntariness of the statements allegedly made by Mr. Heller to the agents which implicate due process concerns. *Miranda* questions aside, statements made by an individual under questioning by a government agent must be voluntary. The government must always prove, in addition to formal compliance with *Miranda*, that any incriminating statement obtained from the defendant was given voluntarily. *See Lego v. Twomey*, 404 U.S. 477, 484 (1972). The government bears the burden of such proof by a preponderance of the evidence. *Id.* at 489. Thus, a defendant may be properly warned and freely waive his rights as required under *Miranda*, or even might not be entitled to *Miranda* warnings under particular circumstances, yet ultimately be unconstitutionally coerced into making a confession. *See Arizona*

*v. Fulminante*, 499 U.S. 279 (1991).  In order for a statement to be used against a criminal defendant, it must be "free and unconstrained by choice," and "[i]f it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process." *Schneckloth v. Bustamonte*, 412 U.S. 218, 225-226 (1973); *See also Columbe v. Connecticut*, 367 U.S. 568, 602 (1961).

Here, Mr. Heller was ordered by his employer into a room with two FBI agents.  He was lead to the HR department by his boss (his immediate supervisor) where he was told to enter an office.  Upon arrival, the agents did not tell Mr. Heller that he could leave; instead, they instructed him to enter the office, close the door, and sit down.  Further, the agents did not answer Mr. Heller's initial questions about why he was there.  Mr. Heller would reasonably be concerned that failing to abide by the directives of his employer to attend this meeting and cooperate with the agents would likely create repercussions from his employer.

The government's use of Mr. Heller's employer created a situation where Mr. Heller was effectively in custody.  Additionally, he was compelled to provide answers to the agent's questions due to the method and circumstances created by the agents' interrogation.  Without Mr. Heller's employer, the government would have been unable to achieve the same ends.  The FBI agents did not give Mr. Heller required *Miranda* warnings prior to the beginning of questioning, and any statements made by Mr. Heller were not voluntary and should be suppressed.

**CONCLUSION**

Accordingly, for the foregoing reasons, and any others to be adduced at a hearing on this motion, it is respectfully requested that this motion be granted, and that the Court suppress all statements made by Mr. Heller in response to questions by the FBI agents.

Respectfully submitted,

JEREMY HELLER
By Counsel,

Michael S. Nachmanoff,
Federal Public Defender

/s/
W. Todd Watson, Esquire
Attorney for Defendant
Virginia Bar No. 38527
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA   22314
(703)600-0878 (telephone)
(703)600-0880 (facsimile)
Todd_Watson@fd.org

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 18, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

  Alexander Nguyen and Jay Prabhu
  Assistant United States Attorneys
  2100 Jamieson Avenue
  Alexandria, Virginia 22314
  (703)299-3700
  Alexander.nguyen@usdoj.gov
  Jay.prabhu@usdoj.gov

and all counsel of record.

  A courtesy copy of the forgoing pleading will be delivered to Chambers within one business day of the filing.

               /s/
               W. Todd Watson, Esquire
               Attorney for Defendant
               Virginia Bar No.38527
               Office of the Federal Public Defender
               1650 King Street, Suite 500
               Alexandria, VA   22314
               (703)600-0878 (telephone)
               (703)600-0880 (facsimile)
               Todd_Watson@fd.org